UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROSE A. HARPER,

    Plaintiff,

vs.                                                          Case No.  3:05-cv-1004-J-MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits. The Court has reviewed the record, the briefs and the applicable law. For the reasons set forth herein, the Commissioner's decision is **REVERSED** and **REMANDED** for proceedings not inconsistent with this opinion. **I. PROCEDURAL HISTORY**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income payments on March 19, 2001, alleging an inability to work since July 14, 1994.  (Tr. 66-68).  The Social Security Administration ("SSA") denied this application initially and upon reconsideration. (Tr. 43, 46).  Plaintiff then requested and received a hearing before an Administrative Law Judge (the "ALJ") on June 18, 2003.  (Tr. 51, 28-40). On February 27, 2004, the ALJ issued a decision finding Plaintiff was not disabled.  (Tr. 17-24).  Plaintiff subsequently filed a Request for Review by the Appeals Council.  (Tr. 10).

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 8).

The Appeals Council denied Plaintiff's request for review on August 5, 2005.  (Tr. 7-9). Accordingly, the ALJ's February 27, 2004 decision was the final decision of the Commissioner.  Plaintiff timely filed her Complaint in the U.S. District Court.  (Doc. 1).

## II.     NATURE OF DISABILITY CLAIM

### A.     Basis of Claimed Disability

Plaintiff claims to be disabled since July 14, 1994, due to injuries she sustained as a result of an automobile accident.

### B.     Summary of Evidence Before the ALJ

On the date the ALJ's decision was issued, Plaintiff was fifty years of age.  (Tr. 18, 31).  She is a high school graduate and has a Bachelor of Science degree in Business Administration. (Tr. 32).  Plaintiff has past relevant work as a production worker, customer service representative, lens inspector and file clerk.  (Tr. 126-33).  Plaintiff's medical history is discussed in the ALJ's decision.  By way of summary[2], the medical records submitted reveal that on July 14, 1994, Plaintiff was involved in an automobile accident.  Plaintiff complained of pain in her back, neck, legs, arms and hands.  Although Plaintiff's disability paperwork does not specifically mention carpal tunnel syndrome, she repeatedly refers to arthritis.  During the hearing, Plaintiff explained that she thought the pain in her hands and arms was arthritis until she was diagnosed with carpal tunnel syndrome.  (Tr. 39).

On June 8, 2001, Plaintiff underwent a consultative medical examination with Hung Tran, M.D.  (Tr. 244-49).  Dr. Tran noted that Plaintiff experienced pain in her upper extremities but no limitation of motion.  (Tr. 246).  He further observed Plaintiff's grip was

---

[2] As Plaintiff's appeal only involves her carpal tunnel syndrome, the undersigned will only discuss the medical evidence in the record regarding the carpal tunnel syndrome.

weak bilaterally but that she had no impairment of her gross and fine movements. Id. Finally, Dr. Tran noted that Plaintiff was not able to lift twenty pounds with both hands. Id.

On June 28, 2001, Reuben E. Brigety, M.D., a state medical consultant completed a Physical Residual Capacity Assessment of Plaintiff. (Tr. 250-57). Dr. Brigety rated Plaintiff's exertional limitations as: occasionally lifting/carrying 20 pounds, frequently lifting/carrying 10 pounds, standing/walking about 6 hours in an 8 hour workday and sitting for a total of about 6 hours in an 8 hour workday. (Tr. 251). Dr. Brigety also found Plaintiff to be limited in her upper extremities such that she could push and/or pull bilaterally only occasionally. (Tr. 251). Dr. Brigety noted no postural, manipulative, visual, communicative or environmental limitations. (Tr. 252-54).

On October 31, 2001, another state medical consultant, Eric C. Puestow, M.D., completed a second Physical Residual Functional Capacity Assessment of Plaintiff. (Tr. 347-54). Dr. Puestow rated Plaintiff's exertional limitations as: occasionally lifting/carrying 20 pounds, frequently lifting/carrying 10 pounds, standing/walking about 6 hours in an 8 hour workday, sitting for a total of about 6 hours in an 8 hour workday; and no limitations in pushing/pulling in upper extremities. (Tr. 348). As for postural limitations, Dr. Puestow found that Plaintiff could occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 349). Dr. Puestow found Plaintiff subject to no postural, manipulative, visual, communicative or environmental limitations. (Tr. 350-51).

Plaintiff visited Jack L. Greider, M.D. on May 28, 2002. Dr. Greider examined Plaintiff, diagnosed her with bilateral carpal tunnel syndrome and ordered nerve conduction studies to determine appropriate treatment options. (Tr. 356). After the studies, Plaintiff again met with Dr. Greider who reported:

> In listening to [Plaintiff] I think she is looking a[] bit closely at these and frankly I am not able to satisfy all of these symptoms with carpal tunnel release. Frankly, once again I think the prognosis is guarded. I will be very cautious about performing a release. I don't think the nerve conduction studies warrant it at this point. I have told her I think she is going to have some intermittent symptoms which she can control with splints and anti-inflammatories and when it is unable to be controlled I will be glad to see her back in consultation.

(Tr. 358).

In February 2003, Plaintiff underwent further nerve studies. These studies were interpreted by James G.T. Nealis, M.D. with the Jacksonville Neurological Clinic. (Tr. 366-70). Dr. Nealis observed "moderately severe right carpal tunnel syndrome" and "mild carpal tunnel syndrome across the left wrist." (Tr. 367, 370).

### C.  Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20

C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, the ALJ determined Plaintiff met the nondisability requirements of the Act and was insured for benefits through December 31, 1999.  (Tr. 18, 23).  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date, July 14, 1994.  (Tr. 20, 23).  At steps two and three, the ALJ held:

> The medical evidence indicates that the claimant has chronic pain syndrome and an affective disorder, impairments that are "severe" within the meaning of the Regulations but not "severe" enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.

(Tr. 20).

The ALJ further determined Plaintiff retained the residual functional capacity ("RFC") for light exertional level work with no more than mild mental limitations.  (Tr. 22, 24).  Specifically, the ALJ found Plaintiff could "lift and/or carry and push/pull 20 pounds occasionally and 10 pounds frequently."  (Tr. 22).  Additionally, the ALJ determined Plaintiff was able to stand and/or walk and sit for six hours out of an eight hour work day.  Id.  The ALJ also found Plaintiff able to perform occasional bending and stooping, able to use her arms and hands for normal grasping, holding and turning of objects and found that mentally, Plaintiff suffered from only mild limitations concerning her ability to work around others and perform normal concentration upon routine job tasks.  (Tr. 23).  In making his findings

5

regarding Plaintiff's RFC, the ALJ found Plaintiff's testimony concerning her impairments and their impact on her ability to work to be "not entirely credible in light of the medical history, the reports of treating and examining practitioners, the degree of medical treatment required and the claimant's own description of her activities and life style." (Tr. 20).

At step four, the ALJ determined Plaintiff retained the ability to perform her past relevant work as a customer service representative for a cable company as she actually performed the job. (Tr. 23). Therefore, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 23, 24).

### III.    STANDARDS OF LAW

####    A.    The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's

decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### IV. ANALYSIS

Plaintiff argues one issue on appeal. Plaintiff believes the ALJ erred by failing to adequately assess Plaintiff's limitations with respect to her upper extremities. (Doc. 14, p.5). Specifically, Plaintiff claims the ALJ did not properly consider the effects of Plaintiff's "bilateral upper extremity weakness caused by carpal tunnel syndrome and its residual effects and impact on employability" in that the ALJ did not include in his RFC, any limitations on Plaintiff's ability to use her hands. (Doc. 15, pp. 7-8). Additionally, Plaintiff argues the ALJ failed to consider and discuss the results of the nerve conduction tests conducted in February 2003. (Doc. 14, p.7).

The ALJ is required to consider all of the evidence in the claimant's record when making a disability determination. See 20 C.F.R. §§404.1520(a), 416.920(a). In addition, the ALJ must state the weight afforded to the evidence considered. Ryan v. Heckler, 762 F.2d 939, 941 (11th Cir. 1985). Specifically, the judge "should state the weight he accords to each item of impairment evidence and the reasons for his decision to accept or reject that evidence." Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990). Indeed, "[u]nless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to

determine whether the conclusions reached are rational.'" Cowart v. Schweiker, 662 F.2d 731, 735 (11th. Cir. 1981) (quoting, Stawls v. Califano, 596 F.2d 1209, 1213 (4th Cir. 1979)). Although the ALJ is required to consider all of the evidence, he is not required to discuss all of the evidence presented, but rather must explain why "significant probative evidence has been rejected." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

In this case, Plaintiff is correct that the ALJ failed to discuss the nerve study conducted by Dr. Nealis in February 2003 in which Dr. Nealis noted "moderately severe right carpal tunnel syndrome." (Tr. 367). Although the ALJ did specifically refer to Dr. Greider's diagnosis of carpal tunnel syndrome (Tr. 21), he did not mention Dr. Nealis's report, nor did he find the carpal tunnel syndrome to be a severe impairment. While it is not necessarily error for an ALJ to fail to include a specific impairment in his step two analysis (so long as a severe impairment is found and the sequential analysis is continued), the failure to address the severity of a specific impairment is reversible error where the record does not reveal the extent to which the impairment was considered at subsequent steps in the sequential evaluation. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 244 (6th Cir. 1987) (holding ALJ's failure to find plaintiff's cervical condition constituted severe impairment was not error because ALJ found other conditions were severe impairments and continued with the remaining steps is his disability determination); Williams v. Barnhart, 186 F.Supp.2d 1192, 1197-98 (M.D. Ala. 2002) (holding ALJ's failure to discuss impairments in subsequent steps after step two was error).

In this case, the ALJ continued his analysis after his step two severity finding. However, the Court is not satisfied that the ALJ properly considered any restrictions resulting from Plaintiff's carpal tunnel syndrome in conducting the remainder of his analysis.

While the ALJ found Plaintiff was able to use her arms and hands for normal grasping, holding and turning of objects, this finding contradicts the RFC Assessment completed by state medical consultant, Reuben E. Brigety, M.D., which notes Plaintiff is limited in her ability to push and/or pull with her upper extremities. (Tr. 251). The ALJ does not reference this RFC Assessment. It must, therefore, be assumed this evidence was either ignored, overlooked or rejected. The undersigned finds this RFC Assessment as well as Dr. Nealis's report to be significantly probative evidence because they are inconsistent with the ALJ's findings. Accordingly, the undersigned believes it was error for the ALJ to ignore, overlook or reject this evidence without an explanation.

Moreover, it is not entirely clear whether the ALJ considered limitations resulting from the carpal tunnel syndrome at later steps of the sequential evaluation, as required. As such, remand is required because the ALJ's severity finding failed to include Plaintiff's carpal tunnel syndrome and it is not obvious that the carpal tunnel syndrome was considered at later steps of the disability evaluation. See Williams, 186 F.Supp.2d at 1198.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's decision is hereby **REVERSED** and **REMANDED** pursuant to sentence four, 42 U.S.C. 405(g). On remand, the ALJ shall consider whether Plaintiff's carpal tunnel syndrome is a severe impairment and shall continue through the remaining steps of his disability determination and conduct any other proceedings deemed appropriate. If the ALJ finds Plaintiff's carpal tunnel syndrome is not a severe impairment, he is instructed to fully discuss the evidence he considered and why he decided to reject any evidence. The Clerk of the Court is directed to enter judgment

consistent with this opinion and, thereafter, to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this  8th  day of August, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record